In the Matter of the Estate of LENA MUTNICK, Deceased. ISIDOR L. FELDSTEIN, as Successor Executor-Trustee under the Will of LENA MUTNICK, Deceased, Appellant; HAROLD L. FLEISCHER, as Executor of SYLVIA M. FLEISCHER, Deceased, et al., Respondents.—

No opinion. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.

In the Matter of WILLIAM H. ISAAC, Respondent, v. EDITH E. GREEN-BERG et al., Appellants.— No opinion. Ughetta, Pette and Brennan, JJ., concur; Beldock, J., dissents and votes to reverse the order and to dismiss the writ, with the following memorandum: This is a proceeding by the father of a 10-year-old daughter to obtain custody of the child from the father's mother and grandmother. In 1949 petitioner married his first wife. On April 22, 1951, the child whose custody is involved in this proceeding was born. In May, 1952, petitioner obtained a decree which annulled his first marriage and granted him custody of the child. In November, 1954, petitioner married his second wife. In May, 1957, a daughter of the second marriage was born. Petitioner now resides with his wife and second child on Saipan. He has been in the United States Navy since 1945, serving in various parts of the world. For two years, from November, 1951, to November, 1953, the child here involved was in the care of petitioner's aunt and uncle in Connecticut; and since that time the child has been in the care of petitioner's mother. In June, 1956, petitioner and his mother signed an agreement, in which it is stated: (a) that he believes the welfare of the child would best be served by giving complete charge of the child to his (petitioner's) mother; (b) that petitioner gives his mother complete and sole custody of the child; (c) that petitioner's mother agrees to support and educate the child; and (d) that petitioner agrees not to interfere with the rearing of the child by his mother. In my opinion, the preponderance of the evidence warrants the finding that petitioner abandoned his child. Such finding is based in part on the fact that petitioner has spent only three months with the child during the whole 10 years of her life, and on the fact that petitioner executed the said agreement with his mother. Under all the circumstances, the welfare of the child requires that her custody shall remain with petitioner's mother, who is giving the child a comfortable home and a refined, cultural environment. Nolan, P. J., concurs with Beldock, J.